ORDERED in the Southern District of Florida on 03/15/07



Raymond B. Ray, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CHRISTINE SELINSKY            CASE NO. 06-16330-BKC-RBR

Debtor(s).                    Chapter 13
_____/

## MEMORANDUM OPINION AND ORDER DISMISSING CASE WITH PREJUDICE TO REFILING FOR TWO YEARS AND GRANTING *IN REM* STAY RELIEF

THIS MATTER came before the Court on March 13, 2007, for hearing on the Motion *For Prospective Relief From Automatic Stay* (C.P. 25) filed by Household Finance Corporation III. The Court having heard from the Household Finance, the Trustee, noting that the *pro se* Debtor failed to appear, and having reviewed the filing history of the Debtor and Mr. Nicholas Selinsky Jr., the non-debtor husband, will dismiss the case with prejudice and grant *in rem* relief to the Household Finance for the reasons that follow.

## Case History

On June 26, 1999, the Debtor and Mr. Nicholas Selinsky, Jr., executed a mortgage and associated note, which was subsequently assigned to Household Finance III ("Household"). The note and mortgaged secured real property in Broward

CASE NO. 06-16330-BKC-RBR

County, Florida. The property is known as 7955 S. Aragon Blvd, Sunrise, Fl, 33322, and is legally described as:

> A PORTION OF PARCEL "A", "REGENCY HOMES OF SUNRISE", ACCORDING TOT HE PLAT THEREOF, AS RECORDED IN PLAT BOOK 158 PAGE 15 OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:
> COMMENCING AT PRM NO. 15, AS SHOWN ON SAID PLAT; THENCE S. 88 DEGREES 54'55" W., ALONG A BOUNDARY LINE OF SAID PARCEL "A", A DISTANCE OF 181.31 FEET TO THE POINT OF BEGINNING; THENCE CONTINUING S.88 DEGREES 54'55" W. ALONG A BOUNDARY LINE OF SAID PARCEL "A", A DISTANCE OF 30.00 FEET; THENCE S.01 DEGREES 05'54"E. A DISTANCE OF 128.05 FEET; THENCE N. 88 DEGREES 54'04" E., A DISTANCE OF 30.00 FEET; THENCE N.01 DEGREE 05'54" W., A DISTANCE OF 128.04 FEET TO THE POINT OF BEGINNING.

The Debtor filed this bankruptcy case ("Selinsky V") on December 4, 2006. Prior to this filing the Debtor or her husband, Nicholas Selinsky Jr., also filed[1]:

(a) "Selinsky I" which was a joint case with her husband Nicholas Selinsky Jr. The case was filed on August 27, 2001 (No. 01-26263-PGH). It was dismissed without discharge.

(b) "Selinsky II" which was filed by the Debtor and was not a joint case. The case was filed on June 20, 2003 (No. 03-24498-PGH). The case was converted to Chapter 7 and the Debtor received a discharge.

(c) "Selinsky III" which was filed by Nicholas Selinsky Jr., and was not a joint

---

[1] Pursuant to FED. R. BANKR. P. 9017 and FED. R. EVID. 201, the Court takes judicial notice of all of the filings in the following cases: 01-26263-PGH, 03-24498-PGH, 05-24451-JKO, 06-14810-RBR, 06-16330-RBR. See In re: Henderson, 197 B.R. 147, 156 (Bankr. N.D. Ala. 1996)(noting that a court may take judicial notice of orders and records in the case before it, and of documents filed in another court)(citations omitted).

case. The Case was filed on July 19, 2005 (No. 05-24451-JKO). The case was converted to chapter 7 and Nicholas Selinsky Jr., received a discharge.

(d)"Selinsky IV" which was filed by Nicholas Selinsky Jr., and was not a joint case. The case was filed on September 27, 2006 (No. 06-14810-RBR). The case was dismissed without discharge.

(e) "Selinsky V" which was filed by the Debtor on December 4, 2006. (No. 06-16330- RBR).

A review of the docket of Selinsky V reveals that the Debtor filed a plan. However the plan was objected to by two different creditors. Washington Mutual objected on the basis that plan failed to fully pay a mortgage held by Washington Mutual as is required by 11 U.S.C. §1322(b)(2). (C.P. 20). The Regency Club Community Association also objected to the plan because it failed to provide for assessments which were due and owing by the Debtor. (C.P. 18). Finally, the plan does not address Household's claim at all or state that household will be paid outside the plan.

## Conclusions of Law

### Debtor's Dismissal for Bad Faith

Section 1307(c) permits a court to dismiss a Chapter 13 petition "for cause". *See In re Farber*, 355 B.R. 362, 366 (Bankr. S.D. Fla. 2006). The test in the Eleventh Circuit is the "totality of the circumstances" test as delineated in *in re Kitchens* 702 F.2d 885, 886 (11th Cir. 1983). *See id* at 366-67. The two major *Kitchens* factors which are applicable to this case are the fifth and ninth.

3

CASE NO. 06-16330-BKC-RBR

The fifth factor examines the motivations of the Debtor for seeking relief under Title 11. *See In re Kitchens* 702 F.2d at 886; *In re Farber*, 335 B.R. at 368. There is little doubt in the Court's opinion that the Debtor filed this case with intent to delay or hinder Household's foreclosure efforts. There are a legion of cases which hold that "filing a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code." *In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995)(and cases cited therein);*In re Grigsby,* 233 B.R. 558, 559 (Bankr. S.D. Fla. 1999)(sanctioning debtor and non-debtor wife for abuse of process); *In re Steeley*, 243 B.R. 421, 435 (Bankr. N.D. Ala. 1999)("filing successive Chapter 13 cases may in and of itself constitute bad faith"); *In re Green*, 214 B.R. 503, 506 (Bankr. N.D. Ala. 1997)( finding the "debtor's actions in this court and in the state court are deplorable. The serial filings and the debtor's failure to complete, or even make legitimate attempts to complete, the plans he has proposed in these cases, or otherwise to pay his state court ordered child support, demonstrates bad faith.");

The Court concludes that the Debtor along with the non-debtor husband have filed the five cases with the sole purpose of stalling the foreclosure process. The Debtor filed this case after October 17, 2005, which was the effective date for the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23 (codified in scattered sections of 11 U.S.C.). BAPCPA added a section to 11 U.S.C. §1328, which is the chapter 13 discharge section. This section states, in relevant part "the court shall not grant a discharge... if the debtor has received a discharge- (1) in a case filed under chapter 7,11, or 12 of this title during the 4 year period preceding"

CASE NO. 06-16330-BKC-RBR

the petition date[2]. 11 U.S.C. §1328(f)(1). The Debtor received a discharge, on June 16, 2005, in Selinsky II (03-24498 C.P. 81). This discharge was less then 2 years ago, thus the Debtor cannot, under any circumstances, receive a discharge in any chapter 13 case filed before June 17, 2009. Similarly, Nicholas Selinsky Jr., received a discharge on June 19, 2006 (05-24451, C.P. 54). This discharge was less then one year ago, thus he cannot, under any circumstances, receive a discharge in any chapter 13 case filed before June 20, 2010.

Accordingly, the Court is left with only one possible inference, this case was filed by the Debtor to frustrate her creditors. Consequently, the Debtor has failed the good faith test under the fifth *Kitchens* factor.

The Debtor has also failed under the ninth *Kitchens* factor. This factor "examines the frequency that the debtor has sought protection under the bankruptcy laws." *In re Farber* 355 B.R. at 368 (citing *In re Kitchens* 702 F.2d 885, 886 (11th Cir. 1983)). Bankruptcy courts are permitted to dismiss a case because of the number times the debtor has sought protection under the code. *See e.g. In re Gros*, 173 B.R. 774, 777 (Bankr. M.D. Fla. 1994)(holding "the debtor's multiple bankruptcy filings, coupled with involuntary dismissals is cause to dismiss this case with prejudice."); *In re Farber* 355 B.R. at 368-69 (holding that three filings over the course of 15 years was sufficient to fail under the ninth factor); *In re Martucci*, No. 07-10531, C.P. 39. at 3 (Bankr. S.D. Fla. March 5, 2007)(order dismissing case with prejudice)(dismissing the petition with two

---

[2] According to 11 U.S.C. §301(b) "The commencement of a voluntary case under a chapter in this title constitutes an order for relief under such chapter."

years prejudice for being a "serial bad faith filer" and for lying on the petition); *In re Felberman*, 196 B.R. at 681 (noting the challenges posed to bankruptcy courts "by so called serial filers").

The Debtor has filed three cases in the last six years, received a discharge under chapter 7, become ineligible to receive another for at least another 2 years[3], and yet still continues to file chapter 13 cases. The frequency with which the Debtor continues to file is demonstrative of a clear and overt disregard for the integrity of the bankruptcy process; and simply put, is nothing short of abuse. Therefore based on the foregoing analysis the Court will dismiss the Debtors petition for cause.

However, based on a review of the Debtors past bankruptcy history, it is the view of the Court that a mere dismissal is insufficient to prevent further abuses of the bankruptcy process. The Court believes, and past history shows, that the Debtor will just re-file a new case upon the expiration of the standard 180 day prejudice period. Before turning to the type of remedies that Court will impose, a brief description of the Selinsky's abusive scheme is appropriate.

The Abusive Scheme

The Selinsky's like other abusers around the country stager their bankruptcy filings so that each one can benefit from the automatic stay of the other. The scheme operates as follows. Only one member of the "tag-team" files a bankruptcy and uses

---

[3]The Court also notes that under Chapter 7 the Debtor remains ineligible for a discharge until June 17, 2015. See 11 U.S.C. §727(8)( No discharge may be granted to a debtor who has received a §727 discharge within 8 years of filing the petition).

6

dilatory tactics to delay its dismissal as long as possible. These tactics include asking the court to extend the time to file schedules and other required documents at the last possible moment or even marginally late.

Once the Court has a moment to review the docket and the past history of the debtor, or by motion of the creditors the case is usually dismissed. Having stopped the foreclosure, the "tag-team" waits for the eve of the next foreclosure, which had to be rescheduled after the dismissal; and then the other member, whose prejudice period has expired in the interim, files. With careful planning this scheme can continue for a very long period of time as the delay from filing, to dismissal, to reset foreclosure proceeding can exceed the normal 180 day prejudice period. Therefore, at any given time one of the members will be eligible to file a bankruptcy and stall the foreclosure. The Court now turns to other sanctions to fashion relief for the secured creditor.

Remedies

The Court, in accordance with established case law, will take three actions: (i) grant the secured creditor prospective stay relief; (ii) dismiss the Debtor's case with prejudice and bar her from filing a new bankruptcy case in any United States Bankruptcy Court for a period of 2 years; (iii) bar Mr. Nicholas Selinsky Jr., from filing a new bankruptcy case in any United States Bankruptcy Court for a period of two (2) years.

Prospective Stay Relief

Prospective stay relief, also known as *in rem* relief, is a particularly effective method to combat tag-team serial filers who seek to prevent foreclosures. *In re Price*,

304 B.R. 769, 773 (Bankr. N.D. Ohio 2004). This stay relief attaches to the property, not necessarily the parties. *In re Roeben*, 294 B.R. 840, 846 (Bankr. E.D. Ark. 2003);*In re Graham*, 1998 Bankr. LEXIS 961, 1998 WL 473051 (Bankr. E.D. Penn. Aug. 3, 1998). The reason these orders are so effective is "because it will not be affected by subsequent bankruptcy filings by the debtor or third party transferees." *In re Roeben* 294 B.R. at 773.

The *Roeben* tag-team scheme is almost identical to the Selinskys plan. In *Roeben* the husband and wife filed 6 cases over the course of 6 years. *In re Roeben* 294 B.R. at 843. By using delaying tactics and successive filings the Roeben's were able to avoid foreclosure for several years. *See id* at 844. In that case the court granted the request for an *in rem* order which would remove the property from automatic stay protection should another petition be filed. *See Roeben* 294 B.R. at 849. Therefore, based on the *Roeben* case and because the Court finds that the Debtor along with Mr. Selinsky acted together in manner which constitutes gross abuse of the bankruptcy process. Accordingly, the Court will grant prospective stay relief to Household.

### Debtor's 2 year Bar From Filing

Courts around the country have been extending the bar time for a debtor who has been abusively filing bankruptcy cases. *See e.g. In re Brown,* 319 B.R. 691, 695 (Bankr. M.D. Ala. 2005)(two year bar for successive filings)*; In re Rusher,* 283 B.R. 544, 549 (Bankr. W.D. Miss. 2002)(barring debtor from filing a new case for a period 1068 days); *In re Tovar*, 2005 Bankr. LEXIS 1731, at *7 (Bankr. S.D. Fla. April 19, 2005)(

barring debtor for 1 year). This sanction is permitted pursuant to 11 U.S.C. §349(a), which allows the Court "for cause" to condition the dismissal in manner that is different then what is contained in 11 U.S.C. §349.

The Court, in the preceding sections determined that the Debtor was involved in a grossly abusive scheme, which undermined the integrity of the bankruptcy process. Furthermore, this scheme was deployed with the sole purpose to hinder, delay and defraud creditors. Accordingly, the Court finds cause to bar the Debtor from filing a new bankruptcy case anywhere in the United States for a period of two years.

### Application of *In rem* relief to Mr. Nicholas Selinsky and Imposing a Two Year Bar From Refiling a New Bankruptcy Case

Finally, the Court must address the issue of Mr. Nicholas Selinsky Jr., and what sanctions, if any, can be levied against him for his participation in this scheme. Initially the Court determines that the prospective stay relief shall apply in any case which is filed by Mr. Selinsky. The court in *Roeben* found,

> [t]hat Debtor and Spouse acted in concert to abuse the automatic stay provisions of the Bankruptcy Code and charges Spouse with constructive notice of [the proceeding on the stay relief motion]. Imputing knowledge or conduct from one person to another in bankruptcy proceedings is not novel. *Roeben* 294 B.R. at 848 (citations omitted).

Based on this imputation the court determined that the *in rem* relief bound the Spouse even though the Spouse was not noticed for the hearing. *See Roeben* 294 B.R. at 848 (noting that the court's order provides "that the filing of a future bankruptcy

petition by any individual or entity will not extend the protection of the automatic stay... for a period of six months" with respect to the property at issue); *accord In re Price* 304 B.R. 775.

In Mr. Selinsky's case he was properly noticed and served with all the pleadings. Accordingly, the Court specifically notes that any case filed by Mr. Nicholas Selinsky Jr., will not operate as a stay to any bankruptcy or non-bankruptcy remedy available to any secured creditor with respect to the property described above.

The last possible remedy the Court entertains, is whether it can bar Mr. Selinsky from filing a new bankruptcy case in any United States Bankruptcy Court for a period of two years. The Court concludes that such authority exists. Although, Mr. Selinsky is not Debtor *in this case*, nonetheless, for the following reasons the Court determines that it does have authority to bar him from filing a new case for two years.

In *In re Kinney* the bankruptcy court was faced with a scheme where adult members in one family filed 10 bankruptcy cases in just over two years, all with the intent to protect a single property. *In re Kinney*, 51 B.R. 840, 845 (Bankr. C.D. Cal. 1985). The court held "the names changed when each of the new actions was filed, but in substance the parties and issues did not. A common intent to violate the law has been shown in this case." *See id*. The court continued,

> Here, the actions of each family member can be imputed to the rest of the family due to the unity of interest and concert of action... In the presence of such a scheme, the individuality of each of the debtors is blurred, revealing one common entity with five operatives. Under such circumstances, *orders binding one family member should bind the others as well. See id.*(emphasis added).

CASE NO. 06-16330-BKC-RBR

In *In re Norley*, the bankruptcy court denied a motion to reconsider its bar order stemming from a similar scheme, which barred the non-debtor spouse. *In re Norley*, 2002 Bankr. LEXIS 743, at * 17-18 (Bankr. E.D. Penn. June 24, 2002). The *Norley* court relied on the language quoted from *Kinney* above. *See id* at 13. The *Norley* court decided that it had jurisdiction over the non-debtor spouse to enter the bar order because he insisted in participating in the hearing, after being warned do so would waive any jurisdictional objections. *See In re Norley*, 2002 bankr. LEXIS 743, at *18.

In *In re Graham* the court stated that seeking a bar order against the non-debtor spouse required the filing of an adversary complaint, because the relief sought was tantamount to an injunction. *In re Graham*, 1998 LEXIS 961, at * 4. Consequently, the court determined it did not have personal jurisdiction over the non-debtor and denied the relief sought. *See id* at *19. However, the same Judge who decided *Graham*, when faced with a motion for relief from stay and a motion to dismiss, decided to dismiss the case and barred both the debtor and the non-debtor spouse from "filing for further bankruptcy relief without leave of" the court. *See In re Schlup*, 2005 Bankr. LEXIS 1932, at *24-25 (Bankr. E.D. Penn. Sept. 2, 2005).

The Court disagrees with the statement of in *Graham* that an adversary proceeding is required to bar the non-debtor spouse from refiling. The Motion before this Court, just as in *Schlup* was a motion seeking prospective stay relief and dismissal of the case. *See Schlup*, 2005 Bankr. LEXIS 1932, at *1.

According to the Federal Rules of Bankruptcy Procedure a motion for dismissal

11

for cause is governed by FED. R. BANKR. P. 1017, which in turn states that Fed. R. Bankr. P. 9014 is applicable such a proceeding. *See* FED. R. BANKR. P. 1017(a) and (f). A motion for relief from stay is brought pursuant to Fed. R. Bankr. P. 4001, which turn states that Fed. R. Bankr. P. 9014 applies to such a motion. *See* Fed. R. Bankr. P. 4001(a). Rule 9014(a) states that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."

Mr. Selinsky was afforded reasonable notice and opportunity to be heard. Firstly, he received the notice of hearing (C.P. 26 and 27) and he also received a copy of the Motion (C.P. 25). Therefore under Rule 9014 the entry of this relief is appropriate.

The Court will also abide by the principal from *Kinney* that "the individuality of each of the debtors is blurred, revealing one common entity with [multiple] operatives." *See Kinney* 51 B.R at 845. Therefore, Mr. Selinsky also constructively knew of the hearing because of his closeness and familiarity with his wife's case and the benefit he derived from the automatic stay. Furthermore, the Court is convinced that Mr. Selinsky had actual notice of the hearing. This is based on Mr. Selinsky's extensive experience with the bankruptcy process, that he resides in the same home with his wife, and he was served with the pleadings and notice of hearing.

In spite of all this neither he nor the Debtor appeared at a hearing of which he had proper, actual, and constructive notice, knowing full well that the relief sought would affect his rights. Thus based on this principal, it is procedurally proper to bar Mr. Selinsky from refiling a new case.

Additionally, the Court has jurisdiction over Mr. Selinsky by virtue of its dismissal

CASE NO. 06-16330-BKC-RBR

order in Selinsky IV. Pursuant to 11 U.S.C. §105(a), which reads,

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. §105(a).

Accordingly, based on the language of 11 U.S.C. §105(a) the Court can issue *any* order to "prevent an abuse of process". Having already determined that Mr. Selinsky was involved in a grossly abusive scheme. The Court can modify its own dismissal order in Selinsky IV (C.P. 15) and impose a two year bar on refiling a case anywhere in the United States.

## Conclusion

Bankruptcy is an equitable process. It is a process for debtors to get a fresh start. The goal of every bankruptcy case should be a discharge of debts and maximizing value for creditors. The Debtor along with her husband have subverted the process and in doing so tarnished the integrity of the entire bankruptcy system. The automatic stay is among the most powerful tools available to debtors it should not be misused nor should it become the reason for bankruptcy filings. The Debtor and Mr. Selinsky have conducted themselves in an appalling fashion, as such they have left the Court with no other option but to enter the relief discussed above. Accordingly, it is hereby,

**ORDERED AND ADJUDGED** as follows:

13

CASE NO. 06-16330-BKC-RBR

1.      Household Finance Corporation III is granted *in rem* relief. The filing of a new bankruptcy petition by Christine Selinsky, Nicholas Selinsky Jr., or any transferee, shall not trigger the automatic stay with respect to the real property located at 7955 S. Aragon Blvd, Sunrise, Fl, 33322. This *in rem* relief shall only apply to the earlier of either: (i) a successful foreclosure sale by Household Finance Corporation III or its assigns; (ii) payment in full of the debt owed to Household Finance Corporation III; or (iii) two years from the date of this order.

2.      This case, 06-16330 is dismissed with prejudice for a period of two years from the date hereof. Debtor Christine Selinsky, is prohibited from filing a bankruptcy case in any Bankruptcy Court in the United States for a period of two (2) years from the date of this order.

3.      All unpaid fees, incurred in this case, must be satisfied before the Debtor Christine Selinsky will be allowed to file another bankruptcy case.

4.      Mr. Nicholas Selinsky's is prohibited from filing a bankruptcy case in any Bankruptcy Court in the United States for a period of two (2) years from the date of C.P. 15 in case 06-14810-BKC-RBR.

5.      The Order Dismissing Case (C.P. 15), in case 06-14810-BKC-RBR is **MODIFIED**, the last line of Paragraph 1, is changed to read " earlier then two (2) years from the entry of this order." All other aspects of that Order remain in force.

###

Copies furnished to:
Household Finance Corporation III
Christine Selinsky

CASE NO. 06-16330-BKC-RBR

Nicholas Selinsky
Robin Weiner, Chapter 13 Trustee

    *The Clerk of Court is directed to serve a copy of this order on all interested parties including the United States Trustee.*